IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TERESA ROSE ADAMS | ) | Case No. 24-50098 |
| DONALD ADAMS, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |

**RESPONSE AND OBJECTION TO TRUSTEE'S THIRD MOTION
TO EXTEND TIME IN WHICH TO OBJECT TO DISCHARGE**

Debtors Teresa Rose Adams and Donald Adams ("Debtors") file this response and objection to the trustee's third motion to extend time in which to object to discharge, filed at ECF #27 (the "Motion"), as follows:

**PRELIMINARY STATEMENT**

This Motion is the trustee's third request to extend the deadline to object to discharge in this case. Debtors are self-employed drop-shippers who made prepetition payments to manufacturers for products and services for Debtors' customers, using money that Debtors held in trust soley for the benefit of their customers. Although the payments were made prepetition, the payments cleared post-petition. Debtors disclosed these payments in their schedules. And from the beginning, Debtors have cooperated with the trustee in terms of identifying the recipient of the payments and complied promptly with all the trustee's requests. To obtain one extension of the deadline – much less, a third, the trustee must allege and prove that he has "cause." The bottom line is that, in the Motion, the trustee has not alleged "cause" and cannot prove at a hearing, evidentiary or otherwise, that he has cause for yet another extension.

**ARGUMENT**

1. "[T]he discharge is the most important element of the debtor's fresh start." *In re Short*, 2021 Bankr. LEXIS 3294, 2021 WL 5617730 at *4 (Bankr. M.D.N.C. Nov. 30, 2021) (internal citations omitted). The debtor has a significant interest in the prompt resolution of discharge issues, and the law sets a tight time frame for discharge objections, which is 60 days after the first date set for the meeting of creditors. *Id.* (citing Fed. R. Bank. P. 4004(a)).

2. True, Fed. R. Bankr. P. 4004(b)(1) allows for an extension of the deadline in which to object to a debtor's discharge on the motion of a party in interest. *See id* at *5. But the moving party has the burden to demonstrate that cause exists for such an extension. *Id*.

3. As a threshold matter, Fed. R. Bankr. P. 9013 and 9014 require that motions "state with particularity the grounds therefor" and provide "reasonable notice" to the non-moving party, respectively. And from an evidentiary standpoint, the movant cannot meet its burden of proof as to cause with only a scintilla of evidence. *In re Short, supra,* at *5. While the power to extend the discharge objection deadline is in the bankruptcy judge's sole discretion, "that power should be 'exercised cautiously.'" *Id.* (internal citation omitted).

4. "'[C]ause is narrowly construed to promote the prompt resolution of the case and the implementation of the debtor's fresh start[.]'" *Id.* at *5 – 6 (internal citation omitted). Courts consider the following factors in determining if the movant has met his burden to show that cause exists to extend the deadline under Rule 4004(b)(1):

1) whether the creditor had sufficient notice of the deadline and the information to file an objection;
2) the complexity of the case;
3) whether the creditor exercised diligence;
4) whether the debtor refused in bad faith to cooperate with the creditor;
5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.

*Id.* at *6 (citing *In re Nowinski*, 291 B.R. 302, 305-306 (Bankr. S.D.N.Y. 2003) and noting that courts in the Fourth Circuit having applied the same factors (citing cases)). Certainly, application of the factors is not exclusive, but "diligence is afforded the most weight," and "'[k]nowledge of the deadline coupled with the failure to diligently seek discovery is, absent unusual circumstances, fatal to an extension motion." *Id.* (citing *In re Chatkan*, 455 B.R. 365, 368 (Bankr. E.D.NY. 2011) and *Nowinski*, 291 B.R. at 306).

5. In this case, as shown below, first, the trustee makes no allegations in the Motion as to any of the factors. The Motion should be denied on its face for that reason alone. Second, the trustee cannot put forth any evidence that any one of the factors weighs in his favor, much less the most-weighted factor of diligence in seeking discovery.

6. **Whether the creditor had sufficient notice of the deadline and information to file an objection.** The Motion contains no allegations as to this first factor, and the trustee has no evidence that this factor weighs in his favor. Instead, the evidence will show that: Debtors filed this case on March 19, 2024. Debtors disclosed the payments on line 17.2 of Schedule A/B in their March 19 filing. The Notice of Chapter 7 Bankruptcy Case, setting forth the initial discharge objection deadline, was filed in the case on March 20, 2024. The trustee conducted and concluded the meeting of creditors on April 25, 2024. The trustee sought and obtained two extensions of the discharge objection deadline – to September 24, 2024, and December 20, 2024. Debtors have responded to every single one of the Trustee's requests for documents and information and even answered the trustee's questions during a telephone call that took place among the parties on or about June 25, 2024. Debtors have not received any requests for documents or information from, or otherwise been in contact with, the trustee about the payments since October 15, 2024. The only reasonable inference to be drawn from such silence is that the trustee has all the information he

needs – at least enough information to file avoidance adversary proceedings (that presumably pass Rule 11 muster) on November 19, 2024, and December 10, 2024, against the recipients of the payments. *See In re Short* at *7 – 8 (in finding that factors weigh against granting an extension under Rule 4004(b)(1), noting, among other things, that the trustee had ample notice of the deadline, makes no assertion that Debtors have been uncooperative or unresponsive to questions or requests, and conducted and closed the meeting of creditors without issue).

7. **The complexity of the case**. The Motion contains no allegations as to the complexity of the case, and the trustee has no evidence that this factor weighs in his favor. Rather, the evidence will show that Debtors are business debtors, that they made prepetition payments (that cleared post-petition) to manufacturers for goods and services in furtherance of their business, and that the trustee has filed adversary proceedings against the manufacturers to recover the payments. But that hardly makes this a complex case. *See id. at *8* (finding that "while there is an adversary proceeding related to the Debtor's actions as owner-operator of a business entity, those facts on their own do not render the Debtor's bankruptcy case "'any more complex than a normal chapter 7 case.'") (citing *In re Kramer*, 492 B.R. 366, 371 (Bankr. E.D.N.Y. 2013) (finding the complexity factor weighed against the creditors motion to extend under Rule 4004 where the debt at issue arose from the debtor's personal obligations on a business debt and actions taken as owner of a food service business)).

8. **Whether the creditor exercised diligence.** The Motion contains no allegations that the trustee has been diligent in seeking discovery, and the evidence will show that he has not. It appears that the sole basis for the Motion is that the trustee "is in need of additional time to investigate claims and to prepare and file a discharge objection." Motion, ¶ 3. However, the trustee has never moved to conduct a 2004 examination of the Debtors even though he has had nearly 10 months to do so. *Compare In re Short at *7* (where the trustee filed motions for Rule 2004 examinations after the discharge objection deadline expired and two days before the hearing on the motion to extend the deadline, holding that "[s]uch delayed action in seeking discovery is not sufficient to demonstrate diligence for purposes of a Rule 4004(b)(1) extension") (citing *In re Dekelata*, 149 B.R. 115, 117 (Bankr. E.D. Mich. 1993) (no cause where creditor sought Rule 2004 examination only eleven days prior to expiration of the deadline)). The trustee has already filed two adversary proceedings and has made no further requests of the Debtors in nearly three months.

9. **Whether the debtor refused in bad faith to cooperate with the creditor.** The Motion contains no allegations that the Debtors have engaged in a bad faith refusal to cooperate with the trustee, and the trustee has no evidence that the Debtors have acted in bad faith in any manner. As discussed in paragraph 6, above, the Debtors disclosed the payments in their schedules, answered the trustee's questions at the meeting of creditors, provided the trustee with responses to all documents and requests for information, and even answered the trustee's questions during a June 25, 2024, phone call. The Debtors took no steps to attempt to hide the fact that the payments were made, and there is no evidence that the trustee had to undertake special effort to uncover hidden information. All material information was disclosed.

10. **The possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.** The Motion contains no allegations that there are proceedings in another forum that will result in collateral estoppel of issues relating to the

payments Debtors made to the manufacturers, and the evidence will show that there are no such proceedings. Accordingly, it appears that this factor is not applicable.

11. This case has been pending for nearly 10 months, and this is the trustee's third motion to extend the discharge objection deadline. The trustee has had plenty of time to gather whatever he needs to prepare and file a complaint objecting to the Debtors' discharge, if he truly believes that one is warranted.[1] He has not done so. He has failed to meet his burden in demonstrating cause for – yet another – extension of the deadline to object to the Debtors' discharge under Rule 4004(b)(1). *See In re Short, supra,* at *7 – 8 (finding that factors weigh **decisively** against granting the trustee a **first** extension under Rule 4004(b)(1)) (emphasis added).

12. The case law bears out that debtors in bankruptcy have a substantial interest in the prompt resolution of discharge issues and obtaining a fresh start. That's all these Debtors want. And allowing the trustee a third extension of the discharge objection deadline is nothing if not prejudicial to that goal.

---

[1] Incidentally, respecting that this issue is not before the Court, the Motion is not at all clear under which subsection of Section 727 of the Bankruptcy Code the trustee may travel should he be allowed additional time to file a complaint objecting to the Debtors' discharge. At the risk of being wrong, Debtors believe that 11 U.S.C. § 727(a)(2) could be the only applicable subsection. But that subsection requires Debtors to act with intent to hinder, delay, or defraud a creditor or officer of the estate. Here, the Debtors cannot be found to have acted with intent to hinder, delay, or defraud because they disclosed the transfer and paid the manufacturers for legitimate business expenses. *See, e.g., Ivory v. Barbe (In re Barbe)*, 466 B.R. 737, (Bankr. W.D. Pa. 2012) ("an 'intent to prefer creditors is not equivalent to the intent to hinder, delay or defraud creditors' that is required under § 727(a)2)."); *Gargula v. Shanklin (In re Shanklin)*, 2022 Bankr. LEXIS 762, 2022 WL 867807 at *12 – 13 (Bankr. S.D. Ind. March 23, 2022) (no intent to hinder, delay or defraud creditors or the trustee where debtors intended to use check to pay anticipated, legitimate pre-petition tax debt, not to conceal such funds so they could not be used to pay legitimate pre-petition debts).

In addition and alternatively, to the extent 11 U.S.C. § (a)(2)(A) or (B) applies, Debtors contend in their schedules, and to this day, that the money that was paid to the manufacturers was money that Debtors' customers gave to Debtors as a deposit, to then be paid to the manufacturers. In other words, Debtors contend that the money did not belong to the Debtors or the bankruptcy estate but instead was being held in trust for the benefit of their customers. *See Roper v. Edwards*, 323 N.C. 461, 464 (1988) (noting that a constructive trust is a duty or relationship that arises irrespective of intent, in an unlimited variety of situations, to prevent the unjust enrichment of the holder of title to, or of an interest in, property) (internal citations omitted); *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 532 (noting that "'the act of a trustee [here, the Debtors] in mingling trust funds in a mixed bank account will not destroy their identity so as to prevent their reclamation.'"). Setting aside the issue of whether the Debtors held the money in trust versus whether the Debtors were the beneficial owners of the money, the Debtors nonetheless cannot be found to have acted with the requisite intent since they did not believe that the money was theirs and that it must be paid to the manufacturer for products and services rendered to the Debtors' customers. *See Nickless v. Fontaine (In re Fontaine)*, 467 B.R. 267 (Bankr. D. Mass. 2012) (denial of discharge not warranted under 11 USC § 727(a)(2) since it was possible that debtor gave horse away, after filing of petition, believing it had little or no value and without realizing that it required court approval for transfer; there was no showing of intent to hinder, delay, or defraud creditors).

Accordingly, there is an element of futility in allowing the trustee a third extension of time to file a complaint objecting to Debtors' discharge in that Debtors appear likely to prevail in any such action.

WHEREFORE, Debtors request the entry of an Order denying the Motion.

    /s/ Rashad Blossom
Rashad Blossom (State Bar No. 45621)
Blossom Law PLLC
301 S. McDowell St., Suite 1103
Charlotte, NC 28204
Telephone: (704) 256-7766
Facsimile: (704) 486-5952
Attorney for Debtors

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of January 2025, the foregoing was served on the following parties electronically via the CM/ECF:

John W. Taylor,
Chapter 7 Trustee

/s/ Rashad Blossom
Rashad Blossom